## 11674

### A. F. PRINGLE, Inc. v. GRESHAM FERTILIZER CO.

#### (128 S. E., 171)

SALES—MEASURE OF DAMAGES FOR PURCHASER'S BREACH OF CONTRACT TO
BUY BURLAP BAGS STATED.—Measure of damages for purchaser's
breach of contract to purchase burlap bags *held* difference between
contract price and market price at time fixed for delivery, notwithstanding purchaser before such time gave notice that he would not
be able to accept delivery at time when bags might have been sold
at price greater than market value at time for delivery.

Before FEATHERSTONE, J., Greenwood, November, 1923.
Reversed.

Action by A. F. Pringle, Inc., against Gresham Fertilizer
Co. From an order refusing a motion to strike out portions
of the answer and overruling a demurrer to the answer, the
plaintiff appeals.

*Messrs. Ernest L. Visanska* and *Marshall F. Sanders,* for
appellant, cite: *Sham defenses:* 6 S. C., 113; 1 Code, 1922,
Sec. 413; 101 S. C., 185. *Measure of damages:* 78 S. C.,
200; 84 S. C., 302; 68 S. C., 363; 23 R. C. L., 1412-13;
121; 35 Cyc., 528.

*Messrs. Mays & Featherstone,* for respondent, cite: *Sham
defenses:* 106 S. C., 544. *Damages:* 17 C. J., 771, 774,
773; 178 U. S., 1.

February 6, 1925.

The opinion of the Court was delivered by MR. JUSTICE
FRASER.

The only question that need be considered in this case is
the measure of damages for the breach of the contract set
up in the complaint.

The plaintiff and defendant entered into a contract for
the sale, delivery, and acceptance of certain burlap bags.
Before the time for the delivery of the bags, the defendant
notified the plaintiff that it could not take and pay for the

bags. Burlap bags went down in price between the date of the notification and the date set in the contract for delivery, and the defendant claimed that the plaintiff should have at once sold the bags, and that its liability was to be measured by the price of the bags at the date of the notice of rescission and not at the date of delivery, set up in the contract. The plaintiff demurred to the answer. The demurrer was overruled, and this appeal is from the order overruling the demurred. The demurrer was overruled on the ground that it was the duty of the seller to minimize his damages, and it was its duty to have sold at the time of the notice of the intended breach.

The demurrer should have been sustained. The rule is set out in *Huguenot Mills v. Jampson,* 68 S. C., pages 367-368; 47 S. E., 688; 102 Am. St. Rep., 673:

"The measure of the seller's damages for breach of an executory contract for the sale of goods, is the difference between the contract price and the market price at the time the goods ought to have been accepted by the purchaser. *Stack v. R. R.,* 10 S. C., 97; *Millar v. Hilliard* [Cheves 153], *supra.*

"The reason for applying this measure of damage is that the seller has the right to put the goods on the market after the contract is broken, and obtain the market price. *2 Benjamin on Sales,* § 1117. But he cannot sell until the date for acceptance has passed, because until that time the purchaser has the right to take the goods."

It is true it is a duty to minimize loss, but the loss cannot be ascertained until the date of delivery comes.

The judgment appealed from is reversed.

MESSRS. JUSTICES WATTS and MARION and MR. ACTING ASSOCIATE JUSTICE W. C. COTHRAN concur.

MR. CHIEF JUSTICE GARY and MR. JUSTICE T. P. COTHRAN did not participate.